| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP**<br>3305 Jerusalem Avenue<br>Wantagh, New York 11793<br>(516) 826-6500<br>Jordan Pilevsky, Esq. | Hearing Date:  December 7, 2016 at 12:00 p.m.<br>Objections Due:  November 30, 2016 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

OLYMPIA OFFICE LLC,

                 Debtor.
-------------------------------------------------------------x

Chapter 11

Case No. 16-74892 (AST)

### NOTICE OF CHAPTER 11 DEBTOR'S MOTION SEEKING APPROVAL OF THAT CERTAIN STIPULATION BY AND BETWEEN THE DEBTOR, THE NOTEHOLDER AND THE STATE COURT APPOINTED RECEIVER AUTHORIZING THE RECEIVER TO REMAIN IN POSSESSION OF, AND TO MAINTAIN, THE DEBTOR'S REAL PROPERTIES

**PLEASE TAKE NOTICE,** that on **December 7, 2016 at 12:00 p.m.**, or as soon thereafter as counsel may be heard, a hearing (the "**Hearing**") will be held before the Honorable Alan S. Trust, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York at Brooklyn, located at 290 Federal Plaza, Central Islip, New York 11722 (the "**Court**") upon the motion (the "**Motion**") of Olympia Office LLC, the Chapter 11 Debtor (the "**Debtor**"), by its proposed attorneys, LaMonica Herbst & Maniscalco, LLP, (a) seeking approval of that certain stipulation (the "**Stipulation**") by and between (i) the Debtor, (ii) MLMT 2005-MCP1 Washington Office Properties, LLC (the "**Noteholder**"), as assignee of Wells Fargo Bank N.A., as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust 2005-MCP1 Commercial Pass-Through Certificates, Series 2005-MCP1 and U.S. Bank, N.A., as Successor-Trustee to LaSalle Bank N.A., as Trustee for the benefit of the Certificate Holders of Commercial Mortgage Pass-Through Certificates, Series MCCMT 2004-C2D, and (iii) JSH Properties, Inc. (the "**Receiver**"), authorizing the Receiver**,** pursuant to 11 U.S.C. §§ 105 and 543 and Rule 6002 of the Federal Rules of Bankruptcy Procedure, to remain in possession of,

and to maintain, the Debtor's real properties; and (b) granting the Debtor such other, further and different relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and Rules, state with particularity the grounds therefor and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Alan S. Trust, United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Debtor, Attn: Jordan Pilevsky, Esq., **no later than November 30, 2016** as follows: (a) (i) through the Bankruptcy Court's electronic filing system, which may be accessed through the internet at the Bankruptcy Court's website at www.nyeb.uscourts.gov; and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned or advanced from time to time without further notice other than the announcement of such an adjournment in open Court.

Dated: November 8, 2016
Wantagh, New York          **LaMonica Herbst & Maniscalco, LLP**
                           Proposed Attorneys for the Debtor

                     By:   *s/ Jordan Pilevsky*
                           Jordan Pilevsky, Esq.
                           A Partner of the Firm
                           3305 Jerusalem Avenue, Suite 201
                           Wantagh, New York 11793
                           (516) 826-6500

| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP** <br> 3305 Jerusalem Avenue <br> Wantagh, New York 11793 <br> (516) 826-6500 <br> Jordan Pilevsky, Esq. | **Hearing Date:** December 7, 2016 at 12:00 p.m. <br> **Objections Due:** November 30, 2016 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

OLYMPIA OFFICE LLC,

                Debtor.
-------------------------------------------------------------x

Chapter 11

Case No. 16-74892 (AST)

**CHAPTER 11 DEBTOR'S MOTION SEEKING APPROVAL OF THAT CERTAIN STIPULATION BY AND BETWEEN THE DEBTOR, THE NOTEHOLDER AND THE STATE COURT APPOINTED RECEIVER AUTHORIZING THE RECEIVER TO REMAIN IN POSSESSION OF, AND TO MAINTAIN, THE DEBTOR'S REAL PROPERTIES**

**To:**   **The Honorable Alan S. Trust**
      **United States Bankruptcy Judge**
      **United States Bankruptcy Court**
      **Eastern District of New York:**

Olympia Office LLC, the Chapter 11 Debtor (the "**Debtor**"), by its proposed attorneys, LaMonica Herbst & Maniscalco, LLP, submits this motion (the "**Motion**") (a) seeking approval of that certain stipulation (the "**Stipulation**") by and between (i) the Debtor, (ii) MLMT 2005-MCP1 Washington Office Properties, LLC (the "**Noteholder**"), as assignee of Wells Fargo Bank N.A., as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust 2005-MCP1 Commercial Pass-Through Certificates, Series 2005-MCP1 ("**Wells Fargo**") and U.S. Bank, N.A., as Successor-Trustee to LaSalle Bank N.A., as Trustee for the benefit of the Certificate Holders of Commercial Mortgage Pass-Through Certificates, Series MCCMT 2004-C2D ("**U.S. Bank**"), and (iii) JSH Properties, Inc. (the "**Receiver**"), authorizing the Receiver**,** pursuant to 11 U.S.C. §§ 105 and 543 and Rule 6002 of the Federal Rules of Bankruptcy Procedure, to remain in possession of, and to maintain, the Debtor's real properties; and (b) granting the Debtor such

3

other, further and different relief as this Court may deem just and proper, and respectfully sets forth and represents as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction to hear and determine this matter under 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's Chapter 11 case and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested are 11 U.S.C. §§ 105 and 543 and Rule 6002 of the Federal Rules of Bankruptcy Procedure.

## Background

### A.   Factual Background

2. On February 10, 2011, CDC Properties I LLC, a Delaware limited liability company ("**CDC**") filed a voluntary petition for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Western District of Washington and was assigned case number 11-41010.

3. On August 15, 2014, Prium Companies, LLC ("**Prium**") filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Washington and was assigned case number 14-44512.

4. Prium is the sole member and manager of CDC Acquisition Company I, LLC, a Delaware limited liability company, which in turn is the sole member and manager of CDC.

5. By Orders dated October 2, 2014 and February 26, 2015 in the Prium bankruptcy, Eric D. Orse was appointed as the management representative of, among other entities, Prium and CDC.

6. By deeds dated September 23, 2016, the Debtor purchased from CDC (acting through Eric D. Orse) a 30% interest as tenant in common[1] in the real properties located at, and known as, (i) 5000 Capital Boulevard Southeast, Tumwater, WA 98502; (ii) 640 Woodland Square Loop Southeast, Lacey, WA 98503; (iii) 637 Woodland Square Loop Southeast, Lacey, WA 98503; (iv) 629 Woodland Square Loop Southeast, Lacey, WA 98503; (v) 4565 7th Avenue Southeast, Lacey, WA 98503; (vi) 645 Woodland Square Loop Southeast, Lacey, WA 98503; (vii) 805 South Mission Street, Wenatchee, WA 98801; (viii) 8830 25th Avenue Southwest, Seattle, WA 98106; and (ix) 1620 South Pioneer Way, Moses Lake, WA 98837 (collectively, the "**Real Properties**"). The Real Properties are office buildings.

7. The Real Properties are subject to certain Deeds of Trust to secure obligation in the original principal amount of $40,700,000.00 in favor of Wells Fargo and in the original principal amount of $2,557,500.00 in favor of U.S. Bank (collectively, the "**Notes**"). Upon information and belief, the current outstanding balance due on the Notes is approximately $33,000,000.00.

8. In May 2016, Wells Fargo and U.S. Bank commenced an action to appoint a custodial receiver for the Real Properties captioned, <u>Wells Fargo Bank N.A., as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust 2005-MCP1 Commercial Pass-Through Certificates, Series 2005-MCP1 and U.S. Bank, N.A., as Successor-Trustee to LaSalle Bank N.A., as Trustee for the benefit of the Certificate Holders of Commercial Mortgage Pass-Through Certificates, Series MCCMT 2004-C2D, v. CDC Properties I, LLC</u>, in the Superior Court of the State of Washington, County of King, under Index Number 16-2-10797-KN.

9. Pursuant to that certain Order Appointing Custodial Receiver dated May 19,

---

[1] The Real Properties were purchased by the Debtor, Seahawk Portfolio LLC, Mariners Portfolio LLC and WA Portfolio LLC, as tenants in common.

2016, and entered in the stat court proceeding (the "**Receiver Order**"), the Receiver was appointed as custodial receiver over the Real Properties and charged with the responsibility of, among other things, collecting the monthly rental income and paying the operating expenses related to the Real Properties. A copy of the Receiver Order is annexed as Exhibit "A" to the Stipulation.

10. On October 18, 2016, the Notes and related loan documents were assigned to the Noteholder.

11. A foreclosure sale of the Real Properties was scheduled for October 21, 2016.

**B.     The Chapter 11 Bankruptcy Filing**

12. On October 20, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York (the "**Court**").

13. On November 3, 2016, the Debtor filed the balance of its schedules, statements of financial affairs and all other required documents with the Clerk of the Court.

14. The meeting of creditors, pursuant to 11 U.S.C. § 341(a), is scheduled to be held on December 2, 2016.

15. No operating trustee or examiner has been appointed and, upon information and belief, no official committee of unsecured creditors has been formed.

**C.     The Stipulation**

16. Shortly after filing the instant bankruptcy case, the Debtor, Noteholder and the Receiver engaged in communications for the purpose of permitting the Receiver to remain in possession of the Real Properties.

17. The Debtor submits that it would be more economical to have the Receiver

remain in possession of the Real Properties. Indeed, the Receiver has been managing the Real Properties for close to six (6) months and is familiar with the financials of the Real Properties including its monthly operating costs and expenses and maintains the relationships with the current tenants. Further, the Receiver has performed various capital improvements to the Real Properties and is in the process of negotiating certain new leases. Moreover, retaining the Receiver, which is a property management company, will obviate the need at this early juncture for the Debtor to interview and hire a new property manager that is unfamiliar with the Real Properties.

18.     In light of the foregoing, the Debtor engaged the Receiver and Noteholder in discussions in an effort to keep the Receiver in possession of the Real Properties on a consensual basis while, at the same time, ensuring compliance with the requirements of the Bankruptcy Code and the Guidelines of the Office of the United States Trustee. The results of such discussions were memorialized in the Stipulation.

19.     By way of summary, the Stipulation provides that pursuant to Section 543(d) of the Bankruptcy Code, the Receiver is excused from compliance with the provisions of Section 543(a) and 543(b) of the Bankruptcy Code consistent with the terms hereof, and the Receiver shall continue in possession and control of the Real Properties.

20.     Specifically, the Stipulation provides that the Receiver shall be authorized to (i) continue in the collection of all rents, additional rents, security deposits, assessments and any other income related to the Real Properties; (ii) pay all ordinary course pre-petition and post-petition expenses incurred by him in his capacity as the Receiver for the Real Properties including the payment of operating expenses, maintenance expenses, taxes, assessments, water rates, sewer rents, salaries and supplies.

21. Pursuant to Section 543(c) of the Bankruptcy Code, the Receiver shall furnish the Debtor, its agents, attorneys and/or accountants, with an accounting of all cash receipts and disbursements related to the Real Properties, and monthly statements of the receipts and expenditures related to the Real Properties, including monthly bank statements. The Receiver shall supply any and all information and documents reasonably requested by the Debtor in order to prepare and file tax returns and monthly operating reports in this matter in compliance with the United States Trustee's guidelines.

### Basis for Relief Requested

22. By this Motion, the Debtor respectfully requests that that the Court approve the Stipulation authorizing the Receiver, pursuant to 11 U.S.C. §§ 105 and 543, to remain in possession of, and to maintain, the Real Properties.

23. Pursuant to Sections 543(a) and 543(b) of the Bankruptcy Code, upon the filing of a bankruptcy case, any custodian/receiver is directed to cease from making any disbursements or to take any action with respect to the debtor's estate. Further, the custodian is obligated to return the debtor's property back to the debtor.

24. However, Section 543(d) of the Bankruptcy Code provides that after notice and hearing, the bankruptcy court –

> (1) may excuse compliance with subsection (a), (b) or (c) of this section if the interests of creditors and, if the debtor is not insolvent, of equity security holders would be better served by permitting a custodian to remain in possession, custody or control of such property. and
>
> (2) shall excuse compliance with subsections (a) and (b)(1) of this section if the custodian is an assignee for the benefit of the debtor's creditors that was appointed or took possession more than 120 days before the date of the filing of the petition, unless compliance with such subsections is necessary to prevent fraud or injustice.

11 U.S.C. § 543.

25. Here, the Receiver was appointed in advance of the 120-day requirements as provided for in Section 543(d)(2) of the Bankruptcy Code. Further, the Receiver was appointed in a related state court proceeding to maintain the Real Properties for the benefit of the Debtor's secured creditor (i.e. the Noteholder's predecessor). Moreover, the Debtor submits that there is equity in the Real Properties above and beyond the amounts claimed by the Noteholders. Indeed, the Noteholder advised the Debtor of its preference to keep the Receiver in possession. It is further respectfully submitted that the relief requested herein is economically beneficial to the interests of all of the Debtor's creditors as well.

26. As such, the Debtor requests that the Receiver be excused from complying with Sections 543(a) and (b)(1) of the of the Bankruptcy Code.

## Conclusion

27. Based upon the foregoing the Debtor respectfully requests that the Court approve the Stipulation and authorize the Receiver to remain in possession and control of the Real Properties.

28. No previous request for the relief sought herein has been made by the Debtor to this or to any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court grant the relief requested herein, and for such other relief as this Court deems just and proper.

Dated: November 8, 2016
      Wantagh, New York

                                  **LaMonica Herbst & Maniscalco, LLP**
                                  Proposed Attorneys for the Debtor

By:    ***s/ Jordan Pilevsky***
         Jordan Pilevsky, Esq.
         A Partner of the Firm
         3305 Jerusalem Avenue, Suite 201
         Wantagh, New York 11793
         (516) 826-6500

*M:\Documents\Company\Cases\Olympia Office LLC\Receiver\NOM and Motion.docx*