**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Jordan Pilevsky, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                              Chapter 11
                                                                    Case No.: 16-74892 (AST)
OLYMPIA OFFICE LLC,

                      Debtor.
---------------------------------------------------------------x

## APPLICATION TO EMPLOY LAMONICA HERBST & MANISCALCO, LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION

The application of Olympia Office LLC, the debtor and debtor-in-possession (the "**Debtor**"), by its chief operating officer Scott G. Switzer, respectfully shows and alleges:

### Background

1.      On October 20, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") with the Clerk of the United States Bankruptcy Court for the Eastern District of New York (the "**Court**").

2.      The Debtor has continued in the management of its business and operation of its affairs as a debtor and debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      No trustee or examiner has been appointed and, upon information and belief, no official committee of unsecured creditors has been formed.

4.      The Debtor is a limited liability corporation formed under the laws of the State of New York and operates its business at 229 Linwood Avenue, Cedarhurst, New York 11516. The Debtor maintains an undivided 30% interest as a tenant in common in the real properties located

at, and known as, (i) 5000 Capital Boulevard Southeast, Tumwater, WA 98502; (ii) 640 Woodland Square Loop Southeast, Lacey, WA 98503; (iii) 637 Woodland Square Loop Southeast, Lacey, WA 98503; (iv) 629 Woodland Square Loop Southeast, Lacey, WA 98503; (v) 4565 7th Avenue Southeast, Lacey, WA 98503; (vi) 645 Woodland Square Loop Southeast, Lacey, WA 98503; (vii) 805 South Mission Street, Wenatchee, WA 98801; (viii) 8830 25th Avenue Southwest, Seattle, WA 98106; and (ix) 1620 South Pioneer Way, Moses Lake, WA 98837 (collectively, the "**Real Properties**"). The Real Properties are office buildings.

5. The Real Properties were subject to a state court receivership proceeding captioned, <u>Wells Fargo Bank N.A., as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust 2005-MCP1 Commercial Pass-Through Certificates, Series 2005-MCP1 and U.S. Bank, N.A., as Successor-Trustee to LaSalle Bank N.A., as Trustee for the benefit of the Certificate Holders of Commercial Mortgage Pass-Through Certificates, Series MCCMT 2004-C2D, v. CDC Properties I, LLC</u>, in the Superior Court of the State of Washington, County of King, under Index Number 16-2-10797-KNT.

6. Prior to the Petition Date, a receiver (the "**Receiver**") was appointed in the state court action. In connection with his appointment, the Receiver was charged with, and is continuing with, the responsibility of collecting rents and paying the operating expenses related to the Real Properties.

## Relief Requested

7. The Debtor desires to retain and employ LaMonica Herbst & Maniscalco, LLP ("**LH&M**") as its attorneys under a general retainer to perform the legal services set forth in ¶ 10 hereof. The Debtor was informed that each of the attorneys who will be engaged in these services is duly admitted to practice in this Court, as well as the Courts of the State of New York.

8.     The Debtor selected LH&M because it has considerable experience in matters of this nature. The Debtor believes that LH&M is well qualified to act as its attorneys and to represent it as a debtor and debtor-in-possession in this case.

9.     Prior to the Petition Date, LH&M was paid by the Debtor the sum of $40,000.00 (inclusive of the Court's filing fee in the amount of $1,717.00) as a retainer to act as counsel to the Debtor and to represent it as a debtor and debtor-in-possession in this case.

10.    The professional services that LH&M is to render to the Debtor may be summarized as including:

    (a)    to provide legal advice with respect to the Debtor's powers and duties as a debtor-in-possession in accordance with the provisions of the Bankruptcy Code in the continued operation of its business and the management of its property;

    (b)    to prepare, on behalf of the Debtor, all necessary schedules, applications, monthly operating reports, if necessary, motions, answers, orders, reports, adversary proceedings and other legal documents required by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;

    (c)    to perform all other legal services for the Debtor that may be necessary in connection with the Debtor's attempt to reorganize its affairs under the Bankruptcy Code; and

    (d)    to assist the Debtor in the development and implementation of a plan of reorganization.

11.    To the best of the Debtor's knowledge, LH&M represents no interest adverse to the Debtor, its estate, or any other interested person in the matter in which LH&M is being retained by the Debtor. Annexed hereto is an declaration (the "**Declaration**") of Jordan Pilevsky, Esq., a partner of LH&M.

12.    The Debtor submits that the retention of LH&M is necessary and is in the best interests of the estate.

13. LH&M is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that LH&M:

    (a)    is not a creditor, an equity security holder, or an insider;

    (b)    is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of each debtor; and

    (c)    does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, each debtor, or for any other reason.

14. No prior request for the relief sought herein has previously been made.

**WHEREFORE**, the Debtor respectfully requests the entry of an Order, substantially in the form annexed hereto, authorizing and approving the employment of LH&M as attorneys to the Debtor, and for such other and further relief as is just and proper.

Dated: November 16, 2016

                  **Olympia Office LLC**
                  Debtor and Debtor in Possession

            By:    *s/ Scott G. Switzer*
                    Scott G. Switzer
                    Chief Operating Officer

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Jordan Pilevsky, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:  Chapter 11
Case No.: 16-74892 (AST)

OLYMPIA OFFICE LLC,

                Debtor.
-------------------------------------------------------------x

### DECLARATION IN SUPPORT OF APPLICATION TO EMPLOY LAMONICA HERBST & MANISCALCO, LLP, AS COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION

STATE OF NEW YORK    )
                                  ) ss.:
COUNTY OF NASSAU    )

       Jordan Pilevsky, being duly sworn, deposes and says that:

       1.     I am a partner of the firm of LaMonica Herbst & Maniscalco, LLP, ("**LH&M**") with offices located at 3305 Jerusalem Avenue, Wantagh, New York 11793. I am duly admitted to practice before this Court and the Courts of the State of New York.

       2.     I submit this declaration in support of the application of Olympia Office LLC (the "**Debtor**") seeking the entry of an Order approving and authorizing the employment of LH&M as its attorneys in this Chapter 11 case. Unless otherwise stated in this declaration, the facts set forth herein are based upon my personal knowledge and my review of documents and information provided to me by the Debtor.

       3.     In preparing this declaration, I used a set of procedures developed by LH&M to ensure compliance with the Bankruptcy Code the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") regarding the employment of professionals by a debtor. All attorneys and

para-professionals employed at LH&M conducted a conflicts search. LH&M does not represent nor hold any interest adverse to the Debtor in the matter upon which LH&M is to be engaged.

4. To the best of my knowledge, LH&M is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, in that LH&M: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor for any other reason. As noted in the Debtor's statement of financial affairs, a cousin of mine is an equity member of an entity that owns the Debtor. Based upon the foregoing, LH&M does not believe that it is conflicted from representing the Debtor as its general counsel.

5. LH&M was paid the sum of $40,000.00 (inclusive of the Court filing fee of $1,717.00) by the Debtor as a retainer to act as counsel to the Debtor and to represent it as a debtor and debtor-in-possession in this case.

6. LH&M possesses the requisite experience and expertise to advise the Debtor as its general counsel. LH&M has extensive experience representing debtors in Chapter 11 cases and is well versed in the Chapter 11 process. LH&M submits that its retention is essential to the Debtor's fiduciary duties as a debtor and debtor-in-possession before this Court.

7. LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of New York, the Local Bankruptcy Rules for the Eastern District of New York and the Guidelines for Fees and Disbursements for

Professionals in the Eastern District of New York.

8. LH&M's current hourly rates are as follows: (a) up to one hundred and seventy five dollars ($175.00) for para-professionals; (b) up to four hundred and fifteen dollars ($415.00) for associates; and (c) up to five hundred and ninety-five dollars ($595.00) for partners. I will be primarily responsible for LH&M's representation of the Debtor.

9. LH&M has not agreed to share compensation received in connection with this case with any other person, except as permitted by Section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among partners of LH&M.

Dated: November 16, 2016
       Wantagh, New York

                                            *s/ Jordan Pilevsky*
                                            Jordan Pilevsky, Esq.

Sworn to be before this the
16th day of November 2016

*s/ Melanie A. FitzGerald*
Melanie A. FitzGerald
Notary Public, State of New York
No. 02FI4841188
Qualified in Nassau County
Commission Expires December 31, 2017

M:\Documents\Company\Cases\Olympia Office LLC\Retention\LH&M\Application and Affidavit.doc